UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GLENN JONES, SR., | No. 2:15-cv-0734 AC P |
| Plaintiff, | |
| v. | ORDER |
| SAM WONG, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 4.

I.      Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original)

////

1  (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d
2  ed. 2004)).

3     "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
4  relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell
5  Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
6  content that allows the court to draw the reasonable inference that the defendant is liable for the
7  misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint
8  under this standard, the court must accept as true the allegations of the complaint in question,
9  Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading
10 in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.
11 McKeithen, 395 U.S. 411, 421 (1969).

12    III.   Complaint

13    Plaintiff alleges that he suffers from muscle spasms in his right leg and severe
14 degenerative disc disease which causes him pain and interferes with his ability to sleep.  ECF No.
15 1.  It appears, but is not clear, that plaintiff is alleging that the muscle spasms in his leg are a
16 result of his degenerative disc disease.  Id.  He alleges that defendants Wong, Cuppy, Williams,
17 and Heatley were deliberately indifferent and professionally negligent in the treatment of his
18 conditions.  Id.

19    Plaintiff alleges that he was interviewed by defendant Heatley on March 3, 2014,
20 regarding the treatment of his degenerative disc disease as part of the grievance process.  Id. at 4,
21 ¶ 17.  During the interview, plaintiff showed defendant Heatley that he was experiencing muscle
22 spasms in his leg and Heatley responded by telling plaintiff that he had muscle damage.  Id.
23 Rather than prescribing plaintiff with a pain medication, Heatley continued plaintiff's prescription
24 for nortriptyline, a psychotropic medication which he knew was ineffective for pain.  Id., ¶ 18.
25 Heatley also prescribed Cymbalta, which causes numerous adverse side effects when combined
26 with nortriptyline.  Id. at 6, ¶ 29.  When plaintiff asked about methadone, Neurontin, and
27 Baclofen for his pain and muscle spasms, defendant Heatley told plaintiff that he could not give
28 plaintiff those medications.  Id. at 4, ¶ 18.  Plaintiff further alleges that defendant Heatley took

1  away his chrono for a double mattress and lower bunk and stated that he did not require an MRI
2  or a referral to a neurologist or for a surgery consultation. Id., ¶¶ 19-20.

3  With respect to defendant Williams, plaintiff states that Williams was a doctor at another
4  prison who saw plaintiff via a telemed appointment on June 2, 2014. Id. at 5, ¶ 22. During the
5  appointment, defendant Williams told plaintiff that he would send him to pain management and
6  order epidural shots and shots for plaintiff's leg spasms. Id. However, when defendant Williams
7  wrote his report, he falsely stated that there was nothing wrong with plaintiff. Id.

8  Plaintiff was seen by defendant Cuppy in mid-July and told plaintiff that she would
9  schedule him to be seen by a specialist at U.C. Davis regarding his discomfort and the constant
10 muscle spasm in his leg. Id., ¶¶ 23-24. Defendant Cuppy did not schedule plaintiff to see a
11 specialist and did nothing to address plaintiff's pain or muscle spasm. Id.

12 Finally, plaintiff alleges that he was seen by defendant Wong on August 1, 2014, and that
13 during the appointment defendant Wong promised plaintiff another telemed appointment with
14 defendant Williams, a back brace, and a pain management consultation. Id. at 5-6, ¶ 25. Plaintiff
15 did not receive a back brace or a pain management consultation and it is unclear whether he had
16 another telemed appointment with defendant Williams. Id. Defendant Wong also allegedly
17 documented in his report that plaintiff was fine even though he knew that was not true and
18 prescribed plaintiff both nortriptyline and Cymbalta. Id., ¶¶ 25, 29.

19 IV.     Failure to State a Claim
20     A.     State Tort Claim – Professional Negligence
21 The statute of limitations is an affirmative defense, not a pleading requirement. Wyatt v.
22 Terhune, 315 F.3d 1108, 1117 (9th Cir. 2003), overruled on other grounds Albino v. Baca, 747
23 F.3d 1162 (2014); Aryeh v. Canon Bus. Solutions, Inc., 292 P.3d 871, 874-75 (Cal. 2013).
24 However, under California law, the timely presentation of a claim under the California Tort
25 Claims Act is a condition precedent and therefore is an element of the cause of action that must
26 be pled in the complaint. Shirk v. Vista Unified Sch. Dist., 164 P.3d 630, 634 (Cal. 2007)
27 (quoting State v. Superior Court, 90 P.3d 116, 119-20 (Cal. 2004)).
28 ////

A plaintiff seeking to bring a lawsuit for money or damages against the state[1] for personal injury must first submit a claim to the California Victim Compensation and Government Claims Board ("Claims Board") within six months after accrual of the cause of action. Cal. Gov't Code §§ 905.2; 911.2. A claim against a public employee[2] or former public employee is not required to be presented prior to filing an action against the employee if the alleged injury resulted from an act or omission in the scope of the defendant's employment as a public employee. Cal. Gov't Code § 950. However, a cause of action against the employee cannot be maintained if an action for the injury would be barred against the employing public entity for failure to comply with the notice of claim requirements. Cal. Gov't Code § 950.2. In other words, a plaintiff must submit a timely notice of claim to the Claims Board before he can bring suit against a state employee.

The complaint fails to allege any facts showing that plaintiff has complied with the California Tort Claims Act or that his compliance was excused. Plaintiff's exhibits do show that he submitted a claim to the Claims Board (ECF No. 1 at 72-76), but they also show that the claim was determined to be untimely (id. at 78). And while plaintiff provides further exhibits demonstrating that he sought leave to bring a late claim (id. at 80-82), he does not provide any evidence of the outcome of that request other than a notification that a recommendation was made to deny it and that a final decision would be made on March 19, 2015 (id. at 83).

Because plaintiff has not alleged facts demonstrating that he either complied with the California Tort Claims Act or that his compliance was excused, his professional negligence claims against all defendants are dismissed with leave to amend.

V.   Claim for Which a Response Will Be Required

   A.   Eighth Amendment – Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091,

---

[1] "State" is defined as "the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller." Cal. Gov't Code § 900.6.

[2] A "public employee" is an employee of a "public entity," which includes the State. Cal. Gov't Code §§ 811.2, 811.4.

5

1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "'knows of and disregards an *excessive risk* to inmate health and safety.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (quoting Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)).  Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted).  A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058.

Although plaintiff's allegation that defendant Heatley would not prescribe specific medications does not state a claim, plaintiff also alleges that Heatley prescribed medication that he knew was not for pain relief and was ineffective for that purpose, told plaintiff that "he could not prescribe the correct medications," and prescribed two medications that had harmful side effects when prescribed together.  ECF No. 1 at 4, 6, ¶¶ 18, 20, 29.  These allegations do state a claim. Similarly, plaintiff's allegation that defendant Heatley stated that an MRI and referrals to a neurologist and for a surgery consult were unnecessary (id. at 4, ¶ 20) amount to no more than a difference of opinion, but these allegations in conjunction with plaintiff's other allegations are liberally construed to allege that defendant Heatley did not take any steps to identify the cause of plaintiff's pain and muscle spasms or to treat these conditions.  Plaintiff's claim that defendant Heatley took away his double mattress and lower bunk chronos also states a claim. Id., ¶ 19.

Plaintiff's claim against defendant Williams is that during his appointment Williams

determined that plaintiff should be referred to pain management and given epidural shots and some kind of shot for his muscle spasms. Id. at 5, ¶ 22. Williams then proceeded to falsely report that there was nothing wrong with plaintiff and did not provide the treatment promised during the appointment. Id. at 5, 7, ¶¶ 22, 33. These allegations are sufficient to state a claim for relief against defendant Williams.

Plaintiff also claims that defendant Cuppy told him that she would schedule him to see a specialist, but that she did not actually schedule him to see a specialist or do anything to treat his pain or muscle spasms. Id. at 5, ¶ 24. Defendant Cuppy will be required to respond to these allegations.

Defendant Wong allegedly told plaintiff that he would receive a back brace, be scheduled for a pain management consultation, and have another telemed appointment with defendant Williams. Id. at 5-6, ¶ 25. However, after the appointment, defendant Wong reported that plaintiff was fine, even though he was not, and failed to provide plaintiff with a back brace or pain management consultation. Id. As with defendant Heatley, defendant Wong also allegedly prescribed two medications that had harmful side effects when prescribed together. Id. at 6, ¶ 29. Defendant Wong will be required to respond to the allegations against him.

VI.   Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state a cognizable state tort claim for professional negligence. However, it appears that plaintiff may be able to allege facts sufficient to state a claim and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendants Heatley, Williams, Cuppy, and Wong on his Eighth Amendment claims, as set forth above, or he may delay serving any defendant and amend the complaint to attempt to state cognizable state tort claims against defendants.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed against defendants on his Eighth Amendment claims without amending the complaint, the court will send him the necessary forms

7

1  for service of the complaint and the state tort claims will remain dismissed without prejudice.

2        If plaintiff chooses to file a first amended complaint, he must demonstrate how the
3  conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo
4  v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how
5  each named defendant is involved.  Arnold v. International Bus. Machs. Corp., 637 F.2d 1350,
6  1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some
7  affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.;
8  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory
9  allegations of official participation in civil rights violations are not sufficient."  Ivey v. Board of
10  Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).  For his state tort claims, plaintiff
11  must allege sufficient facts to show that he timely complied with the California Tort Claims Act
12  or is excused from compliance.  Shirk, 164 P.3d at 634 (citation omitted).

13        Plaintiff is also informed that the court cannot refer to a prior pleading in order to make
14  his first amended complaint complete.  Local Rule 220 requires that an amended complaint be
15  complete in itself without reference to any prior pleading.  This is because, as a general rule, an
16  amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
17  1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims
18  dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent
19  amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the
20  original complaint no longer serves any function in the case.  Therefore, in an amended
21  complaint, as in an original complaint, each claim and the involvement of each defendant must be
22  sufficiently alleged.

23    VII.   Summary

24      Plaintiff's motion for leave to proceed in forma pauperis is granted.

25      Some of the allegations in the complaint state claims against the defendants and some do
26  not.  Plaintiff's allegations that defendants violated his Eighth Amendment rights by not
27  providing him treatment for his pain and muscle spasms are enough to state a claim.  The
28  defendants will be required to respond to these allegations.

Plaintiff's claims that defendants were professionally negligent do not state claims because he has not shown that he timely submitted a notice of claim to the Claims Board or that he was excused from that requirement. These claims will be dismissed with leave to amend.

If plaintiff wants, he can either (1) proceed immediately on his Eighth Amendment claims against defendants Heatley, Williams, Cuppy, and Wong or (2) try to amend the complaint to state claims for professional negligence. If plaintiff wants to go forward without amending the complaint, his professional negligence claims will remain dismissed without prejudice. If plaintiff chooses to amend his complaint, the first amended complaint must include all of the claims plaintiff wants to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. In other words, any claims not in the first amended complaint will not be considered. Plaintiff must complete the attached notification showing what he wants to do and return it to the court. Once the court receives the notice, it will issue an order telling plaintiff what he needs to do next (i.e. file an amended complaint or complete and return service paperwork).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's state tort professional negligence claims against defendants Heatley, Williams, Cuppy, and Wong are dismissed with leave to amend.

4. Plaintiff has the option to proceed immediately on his Eighth Amendment claims against defendants Heatley, Williams, Cuppy, and Wong, as set forth in Section V above, or to amend the complaint.

////

////

5.  Within twenty-one days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.

DATED: April 27, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GLENN JONES, SR., | No. 2:15-cv-0734 AC P |
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE ON HOW TO PROCEED |
| SAM WONG, et al., | |
| Defendants. | |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment claims against defendants Heatley, Williams, Cuppy, and Wong without amending the complaint. Plaintiff understands that going forward without amending the complaint means that his state tort professional negligence claims will remain dismissed without prejudice.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　ARTHUR GLENN JONES, SR.
　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1