UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GLENN JONES, SR., | No. 2:15-cv-0734 AC P |
| Plaintiff, | |
| v. | ORDER |
| SAM WONG, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 4.  Currently before the court is plaintiff's motion for reconsideration.  ECF No. 8.

Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000). Generally stated, reconsideration is appropriate where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice. Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

Plaintiff moves for reconsideration of the April 28, 2016 screening order which dismissed his state tort claims with leave to amend.  ECF No. 8.  Plaintiff argues that the court should

1    exercise its supplemental jurisdiction over his state tort claims because they arise out of the same
2    factual basis. Id. at 4. He further argues that he was not required to comply with the California
3    Tort Claims Act because he filed his complaint in federal court rather than state court. Id.

4         In screening the complaint, the court did not decline to exercise supplemental jurisdiction
5    over plaintiff's state tort claims. ECF No. 6 at 4-5. Plaintiff's state tort claims were dismissed
6    with leave to amend because they failed to state a claim. Id. Under California law, the timely
7    presentation of a claim under the California Tort Claims Act is a condition precedent and
8    therefore is an element of the cause of action that must be pled in the complaint. Shirk v. Vista
9    Unified Sch. Dist., 164 P.3d 630, 634 (Cal. 2007) (quoting State v. Superior Court, 90 P.3d 116,
10   119-20 (Cal. 2004)). In other words, because submitting a timely claim is an element of the
11   action, plaintiff must establish it whether he files in state court or federal court. Plaintiff did not
12   show that he had complied with the California Tort Claims Act by submitting a timely claim to
13   the California Victim Compensation and Government Claims Board ("Claims Board") or that he
14   was excused from compliance. Because plaintiff did not plead facts to establish a necessary
15   element of his claim, his state tort claims were dismissed, but he was given leave to amend the
16   complaint to fix the defect.

17        Plaintiff appears to confuse the exhaustion requirement for bringing § 1983 claims with
18   the separate requirements established by California law for state tort claims. ECF No. 8 at 7-8, ¶¶
19   3-4. Plaintiff is correct that he is not required to file a claim under the California Tort Claims Act
20   to bring a *federal* claim under § 1983 and instead must exhaust his administrative remedies. For
21   that reason, plaintiff's claims brought under § 1983 were recognized as claims which he could
22   pursue based upon the allegations in the complaint. However, plaintiff's *state* tort claims are not
23   federal claims and are governed by the requirements of *state* law, which requires compliance with
24   the California Tort Claims Act.

25        Plaintiff did not present facts or even allege that he timely submitted a claim to the Claims
26   Board or that he was excused from timely filing and his state tort claims were properly dismissed
27   for failure to state a claim. Hust v. Wyoming, 372 F. App'x 708, 710 (9th Cir. 2010) (district
28   court properly dismissed all state tort claims that did not comply with applicable state tor claim

filing statutes).  Since plaintiff may be able to cure the deficiency in his complaint, he was given the option to file an amended complaint to allege facts that show he submitted a timely claim to the Claims Board or was excused from timely filing.  Plaintiff has not established grounds for altering the screening order and his motion for reconsideration will be denied.  Plaintiff will be given additional time to notify the court on how he would like to proceed with this case.

As plaintiff was previously advised, he may either (1) proceed immediately on his Eighth Amendment claims against defendants Heatley, Williams, Cuppy, and Wong or (2) try to amend the complaint to state claims for professional negligence.  If plaintiff wants to go forward without amending the complaint, his professional negligence claims will remain dismissed without prejudice.  If plaintiff chooses to amend his complaint, the first amended complaint must include all of the claims plaintiff wants to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint.  In other words, any claims not in the first amended complaint will not be considered.  Plaintiff must complete the attached notification showing what he wants to do and return it to the court.  Once the court receives the notice, it will issue an order telling plaintiff what he needs to do next (i.e. file an amended complaint or complete and return service paperwork).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 8) is denied.

2. Within twenty-one days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.

DATED: May 9, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GLENN JONES, SR., | No. 2:15-cv-0734 AC P |
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE ON HOW TO PROCEED |
| SAM WONG, et al., | |
| Defendants. | |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment claims against defendants Heatley, Williams, Cuppy, and Wong without amending the complaint. Plaintiff understands that going forward without amending the complaint means that his state tort professional negligence claims will remain dismissed without prejudice.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　ARTHUR GLENN JONES, SR.
　　　　　　　　　　　　　　　　　　Plaintiff pro se

1