1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  ARTHUR GLENN JONES, SR.,                No. 2:15-cv-0734 AC P
12            Plaintiff,
13      v.                                  ORDER
14  SAM WONG, et al.,
15            Defendants.
16

17    By order filed April 28, 2016, the court screened the complaint and plaintiff was given the
18 option to proceed on the original complaint as screened or to amend the complaint. ECF No. 6.
19 Plaintiff was ordered to notify the court as to how he wished to proceed. Id. at 10. Plaintiff has
20 now submitted a notice advising the court that he would like to amend the complaint. ECF No.
21 12. The Clerk of the Court will be directed to send plaintiff a copy of the prisoner complaint
22 form used in this district and plaintiff shall have thirty days to file an amended complaint.
23    Plaintiff is reminded that the amended complaint must include all of the claims he wants
24 to make, including the ones that have already been found to state a claim, because the court will
25 not look at the claims or information in the original complaint. In other words, any claims not in
26 the first amended complaint will not be considered. Plaintiff should also refer to the instructions
27 in the April 28, 2016 screening order when drafting his amended complaint and is reminded that
28 if he wants to make a state tort claim against defendants, he will need to allege facts that show

1

that he timely submitted a notice of claim to the California Victim Compensation and Government Claims Board or that he was excused from the requirement.

Plaintiff has also requested appointment of counsel. ECF No. 11. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff has elected to amend the complaint and the amended complaint will require screening once it is filed. Until the amended complaint is filed and screened, the court is unable to determine whether plaintiff will state any cognizable claims. However, the screening of the original complaint demonstrated that plaintiff has thus far been able to successfully articulate his claims. For these reasons, the court finds that the necessary exceptional circumstances do not exist at this time and appointment of counsel at this early stage would be premature.

Summary

Plaintiff has thirty days to file an amended complaint and his motion for appointment of counsel is denied because it is too early in the case for the court to find that exceptional circumstances exist.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

1  Procedure, and the Local Rules of Practice. The amended complaint must bear the docket
2  number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an
3  original and two copies of the amended complaint. Failure to file an amended complaint in
4  accordance with this order will result in dismissal of this action.
5      2. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint
6  form used in this district.
7      3. Plaintiff's motion for appointment of counsel (ECF No. 11) is denied without
8  prejudice.
9  DATED: May 24, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE