UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ARTHUR GLENN JONES, SR., | No. 2:15-cv-0734 GEB AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SAM WONG, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has filed two motions for issuance of a preliminary injunction or temporary restraining order in which he requests an order preventing officials at Mule Creek State Prison (MCSP) from transferring him and hindering his access to the law library. ECF Nos. 21, 32. He has also requested appointment of counsel. ECF No. 33.

I.    <u>Motion for Counsel</u>

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

1

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests appointment of counsel on the grounds that he is untrained in the law, has PTSD and dyslexia, and has an upcoming deposition. ECF No. 33. Plaintiff's lack of legal training and upcoming deposition are not exceptional circumstances warranting appointment of counsel. With respect to his claim that he suffers from PTSD and dyslexia, the only medical records he provides are from 1993 and 1994. Id. at 13. Plaintiff fails to provide any current documentation of his conditions or demonstrate how they prevent him from proceeding without an attorney or participating in a deposition. Moreover, his filings to date demonstrate that he is capable of articulating his claims without the assistance of counsel. Accordingly, plaintiff's request for counsel will be denied.

II.     Motion for Temporary Restraining Order or Preliminary Injunction

Plaintiff alleges that non-defendant officials at MCSP, at the behest of the defendants, are attempting to transfer him in retaliation for pursuing this lawsuit in violation of his First Amendment rights. ECF No. 21 at 1, 3-4; ECF No. 32 at 4. He reasons that the defendants went to "their Supervisors and Custody" because shortly after this court ordered service he "was told that he was being put up for transfer." ECF No. 21 at 3. Plaintiff argues that the timing of the transfer discussion with his counselor suggests that the transfer is in retaliation for this lawsuit. Id.

Plaintiff asserts that he would suffer an irreparable harm if he were to be transferred and that the First Amendment protects him against a retaliatory transfer because he has a right to pursue his lawsuit and a transfer would interfere with his ability to litigate his claim. Id. at 4-7; ECF No. 32 at 6-7. He further contends that the California Code of Regulations protects him

2

from involuntarily transfer because he has PTSD and is a present participant in the Mental Health Services Delivery System. ECF No. 21 at 5-6; ECF No. 32 at 6. He claims that his access to the courts is being denied because he is now limited to two hours a week in the law library. ECF No. 21 at 1.

### A. Standards for Issuance of a Preliminary Injunction or Temporary Restraining Order

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose in issuing a temporary restraining order is to preserve the *status quo* pending a fuller hearing. The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Federal Rule 65(b)(1) permits issuance of a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff has not provided the certification required by this rule and, as addressed below, the individuals identified by plaintiff are not defendants to this action and there is no indication they have all been served with the motion. Although it appears that plaintiff may have discussed the issue of his transfer with individuals at the prison, it is not clear that he has brought the instant motions to their attention. ECF No. 21 at 5; ECF No. 32 at 7. Accordingly, the request for a temporary injunction is defective, that portion of the motion will be dismissed, and the court will consider whether plaintiff has demonstrated that he could be entitled to a preliminary injunction.

3

1       "A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The Ninth Circuit has held that injunctive relief may issue, even if the moving party cannot show a likelihood of success on the merits, if "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))).

      In addition, the Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials. The PLRA provides that

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. "[N]o longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of Cal., 220 F.3d 987, 999 (9th Cir. 2000).

      B.     Likelihood of Success on the Merits

      Plaintiff cannot show any chance of success on the merits because the allegations and

4

relief requested in his motion are unrelated to the allegations in the first amended complaint. In his present motion, plaintiff alleges that correctional staff members at MCSP, at the bidding of the defendants named in his lawsuit, are retaliating against him for pursuing a lawsuit against defendants by transferring him and limiting his access to the law library in violation of his First Amendment rights. Plaintiff also alleges that MCSP officials are attempting to transfer him in violation of the protections afforded him by the California Code of Regulations which prohibit the involuntary transfer of inmates with certain mental health conditions. None of these claims are related to the deliberate indifference or professional negligence claims contained in the complaint. Accordingly, plaintiff's motion fails because the allegations are unrelated to the allegations in his first amended complaint. Thus, he cannot prevail on the merits.

   C. <u>Irreparable Harm.</u>

Even if plaintiff's allegations were properly presented here, they would still fail to demonstrate that a preliminary injunction would be warranted because plaintiff has not provided evidence that he is likely to suffer an irreparable harm.

     i. <u>Transfer</u>

In his initial motion, plaintiff states that he was told that he has been "put up for transfer," but he does not explain whether that means that he has simply been generally approved for a lower custody assignment or that a transfer has actually been initiated. ECF No. 21 at 3-4. Nor does he provide evidence that a transfer is imminent. Plaintiff's second motion shows that he has been approved for transfer to the Substance Abuse Treatment Facility (SATF), with Valley State Prison (VSP) as an alternative, but that he currently has a medical hold that expires September 14, 2017. ECF No. 32 at 13, 15. However, it is not clear whether or when plaintiff will in fact be transferred after his medical hold expires. Even if plaintiff is transferred once the hold expires, his contentions of potential future injury are no more than speculative and are therefore insufficient to demonstrate a risk of immediate and irreparable injury. <u>Caribbean Marine Servs. Co. v. Baldrige</u>, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." (citing <u>Goldie's Bookstore, Inc. v. Superior Court</u>, 739 F.2d 466, 472 (9th Cir. 1984))).

5

Convicted prisoners have no reasonable expectation that they will remain in any particular facility, and prison officials have broad authority to transfer prisoners from one facility to another. Meachum v. Fano, 427 U.S. 215, 225, 228 (1976). "An inmate's liberty interests are sufficiently extinguished by his conviction so that the state may change his place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another." Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (citing Meachum, 427 U.S. at 224-25; Olim v. Wakinekona, 461 U.S. 238, 245 (1982)). Accordingly, the possibility of transfer alone is not sufficient to demonstrate an irreparable harm.

Plaintiff claims that a transfer would impede his ability to prosecute his case because he would no longer have the assistance of his cellmate. ECF No. 21 at 5; ECF No. 32 at 8. However, prisoners "have no right to inmate assistance or to [a specific inmate's] services in particular." Storseth v. Spellman, 654 F.2d 1349, 1354 (9th Cir. 1981); Lewis v. Casey, 518 U.S. 343, 351 (1996) (no "abstract, freestanding right to a law library or legal assistance"). The motions rely solely on plaintiff's conclusory assertions that he will not be able to prosecute his case if he were to be transferred. Yet there is no evidence that he would be unable to continue his claim if he were to be transferred. Presumably, any facility to which he would be transferred will have a law library to which he will have access. Plaintiff may even be able to locate another inmate to assist him with his lawsuit, although failure to do so would not constitute an irreparable injury. Thus, plaintiff fails to show that he is likely to suffer an irreparable harm with respect to this matter.

In disputing this court's previous determination that it did not have jurisdiction over his previous motion for preliminary injunction, plaintiff cites Grande v. Baca, No. 2:13-cv-08348-ODW(AGRx), 2014 WL 4627241, 2014 U.S. Dist. LEXIS 130637 (C.D. Cal. Sept. 16, 2014), which found that a retaliatory transfer qualifies as irreparable harm. ECF No. 21 at 5-6; ECF No. 32 at 6-7. Plaintiff claims that the efforts to transfer him must be retaliatory because they occurred after the court ordered service of his lawsuit. ECF No. 21 at 3. However, the evidence he provides shows only non-retaliatory purposes for his potential transfer. Specifically, the evidence shows that plaintiff's potential for transfer arose prior to March 31, 2017, when the

court first found service on defendants to be appropriate, and was based on a change in housing policy which allowed plaintiff to be transferred to Level II housing.

The documents provided by plaintiff show that as early as February 22, 2017, he began disputing his eligibility to be transferred to Level II housing and requesting an override to permanent Level III housing. Id. at 13, 15-18. On March 28, 2017, in response to plaintiff's protests about being housed on a Level II facility, Associate Warden Holmes rejected plaintiff's request for permanent Level III housing and stated that a recent change in policy now allowed plaintiff to be transferred to Level II housing. Id. at 20. According to the memo, the change allowed inmates serving Life Without the Possibility of Parole to be placed in a Level II facility with an electrified fence when previously they had been restricted to Level III facilities. Id.

Plaintiff's claims of retaliation based on timing are not consistent with the evidence, which shows that the process of approving him for housing in a Level II facility began as the result of a policy change prior to service of the complaint in this action. Accordingly, plaintiff cannot show irreparable harm in the form of a retaliatory transfer.

ii. Plaintiff's Mental Health Status

Plaintiff asserts that under the California Code of Regulations an inmate is not eligible for involuntary transfer if the inmate has a serious mental health disorder as defined by the classification order and is a member of the Mental Health Services Delivery System. ECF No. 21 at 6; ECF No. 32 at 6. He claims that he is exempt from involuntary transfer because he has PTSD, which is a serious mental health disorder, and that he is a participant in the Mental Health Services Delivery System. ECF No. 21 at 5-7; ECF No. 32 at 6-7. However, California Code of Regulations, title 15, § 3379(a)(9)(G)(2), on which plaintiff relies, applies to transfers to out-of-state facilities and plaintiff has been endorsed for transfer to SATF or VSP, both of which are located in California. The cited regulation does not apply to plaintiff.

Additionally, plaintiff has not provided specific evidence of his current mental health status. Although his second motion for injunction includes documentation showing he is currently assigned to the CCCMS level of care, it does not include any specifics about his condition. ECF No. 32 at 13, 15. Furthermore, "[t]he CCCMS level of care is for inmates whose

7

symptoms are under control or in partial remission and can function in the general prison population, administrative segregation, or segregated housing units," Coleman v. Schwarzenegger, 922 F. Supp. 2d 882, 903 n.24 (E.D. Cal. and N.D. Cal. Aug. 4, 2009), indicating that plaintiff has a relatively high level of functioning. The only evidence he has provided that specifically supports his claim of having PTSD is over twenty years old (ECF No. 21 at 26; ECF No. 32 at 33-34), and although he provides more recent medical records showing that he has consented to taking psychotropic antidepressants, those records are still five years old and do not offer any insight into his condition (ECF No. 32 at 26-27).

For these reasons, plaintiff has failed to show that he is likely to suffer an irreparable harm due to his mental health status if he is transferred.

### D. The Court Lacks Jurisdiction

A district court has no authority to grant relief in the form of a temporary restraining order or preliminary injunction where it has no jurisdiction over the parties. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication.") (alteration in original) (citation and internal quotation omitted)); Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K., 757 F.2d 1058, 1061 (9th Cir. 1985) (vacating district court's order granting preliminary injunction for lack of personal jurisdiction).

As the court explained in denying plaintiff's previous request for a temporary restraining order, plaintiff seeks relief against unspecified prison officials rather than named defendants and the court does not have jurisdiction over those individuals unless he provides facts showing that they are acting "in active concert or participation" with the defendants. ECF No. 17 at 4 (citing Fed. R. Civ. P. 65(d)(2); Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969) ("[A] nonparty with notice cannot be held in contempt until shown to be in concert or participation.")). Plaintiff has failed to provide any such facts. Because the court lacks jurisdiction over the individuals against whom plaintiff seeks injunctive relief, the motion must be denied. Zepeda v. I.N.S., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the

claim; it may not attempt to determine the rights of persons not before the court.").

E. Conclusion

In sum, plaintiff has not shown likelihood of success on the merits or that he is likely to suffer irreparable harm if the motion for temporary restraining order or preliminary injunction is not granted. Nor has he shown that the court has jurisdiction over the individuals against whom he seeks an injunction. Accordingly, the motion should be denied.

III. Plain Language Summary of this Order for a Pro Se Litigant

Your motion for counsel is denied, because you have not shown that there are extraordinary circumstances and your previous filings show that you are able to explain your position without help from counsel. Your motion for a temporary restraining order or preliminary injunction should be denied because you did not show that you were likely to succeed on the merits or that you would suffer irreparable harm. Also, you did not show that you tried to notify the people who you want the temporary restraining order against, and they are not people this court has power over. You also have not shown that the people you want an injunction against were acting together with the defendants.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel (ECF No. 33) is denied.

IT IS FURTHER RECOMMENDED THAT plaintiff's motions for a preliminary injunction or a temporary restraining order (ECF Nos. 21, 32) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

////

////

////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 21, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE