UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GLENN JONES, SR.,<br><br>Plaintiff,<br><br>v.<br><br>SAM WONG, et al.,<br><br>Defendants. | No. 2:15-cv-0734 GEB AC P<br><br><br><br>ORDER |

By order filed September 7, 2017, counsel for defendant Cuppy, Mr. Thomas A. Cregger, was ordered to file a responsive pleading on behalf of defendant Cuppy and show cause why sanctions should not be imposed based on the failure to timely file a responsive pleading. ECF No. 39. Mr. Cregger promptly responded to the order to show cause (ECF No. 40) and has now filed a motion to dismiss on defendant Cuppy's behalf (ECF No. 43).

The request for waiver of service was mailed by the United States Marshals Service on May 8, 2017. ECF No. 38. Based on Mr. Cregger's response to the order to show cause, there is some question as to whether the request for waiver was properly sent to defendant Cuppy at the California Department of Corrections and Rehabilitation (CDCR).[1] ECF No. 40 at ¶¶ 3-6. It

---

[1] Although counsel was told the waiver was sent to defendant Cuppy at Registry of Physician Specialists, the staffing service that coordinated her services with the CDCR (ECF No. 40 at ¶¶ 5, 6), the form filed by the Marshals reflects it was mailed to Cuppy at Mule Creek State Prison (ECF No. 38 at 2).

1

further appears that rather than notifying the Marshals that waivers for Cuppy needed to be sent to a different location, the waiver was forwarded to various individuals that did not include Cuppy, until Mr. Cregger was finally contacted on July 11, 2017, about the possibility of representing Cuppy. Id. at ¶¶ 2-6. Counsel proceeded to contact Cuppy to obtain her consent to represent her, and received authorization to provide representation on August 24, 2017, the same date he executed the waiver form. Id. at ¶¶ 3, 6; ECF No. 38 at 1. Because the waiver was untimely executed based upon its original mailing date, and the Federal Rules of Civil Procedure refer only to the time for filing a responsive pleading when a waiver is timely executed, counsel docketed a responsive pleading deadline based on Rule 4(d)(4), which states that the filing date of the waiver acts as the date of service. ECF No. 40 at 8.

Upon review of the facts presented, while it does appear that there was some delay in the handling of defendant Cuppy's waiver of service, it was not on Mr. Cregger's part. Although the court is of the opinion that signing the waiver form, which acknowledged that judgment could be entered against the defendant if a responsive pleading was not filed within sixty days of May 8, 2017, should have prompted counsel to act as soon as possible in light of the fact that that time had already run, the court finds that Mr. Cregger's interpretation of the Rules was not unreasonable, particularly in light of the lack of any case law addressing the situation.

Accordingly, IT IS HEREBY ORDERED that the September 7, 2017, order to show cause (ECF No. 39) is discharged.

DATED: September 21, 2017.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2