UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GLENN JONES, SR., | No. 2:15-cv-0734 GEB AC P |
| Plaintiff, | |
| v. | ORDER |
| SAM WONG, et al., | |
| Defendants. | |

    Defendants Heatley, Pace, Williams, and Wong have filed a motion to modify the July 17, 2017 discovery and scheduling order and extend all deadlines by 120 days. ECF Nos. 51-53. Discovery closed on November 3, 2017, and the deadline for dispositive motions is January 26, 2018. ECF No. 28 at 5.

    In support of the motion, counsel avers that he attempted to take plaintiff's deposition on August 29, 2017, but plaintiff refused because he had a pending motion to appoint counsel. ECF No. 53 at 2, ¶¶ 5-6. Counsel did not re-notice plaintiff's deposition after the motion for counsel was denied on September 11, 2017, because defendant Cuppy had filed a waiver of service and counsel wanted to provide Cuppy with the opportunity to depose plaintiff at the same time and avoid two separate depositions. Id., ¶ 11. Counsel intends to re-notice plaintiff's deposition after defendant Cuppy's currently pending motion to dismiss has been resolved. Id., ¶ 12. Defendants
////

1

assert that they "do not believe that Plaintiff will be prejudiced by such a short extension of time." ECF No. 52 at 1.

Contrary to defendants' assertion, 120 days is not a "short" extension. Furthermore, while counsel's expressed desire to have only one deposition of plaintiff is understandable, discovery for defendants Heatley, Pace, Williams, and Wong closed nearly two months ago and counsel offers no explanation as to why he did not move to modify the scheduling order prior to the close of discovery. There was more than sufficient time to seek such a modification after defendant Cuppy filed her motion to dismiss on September 20, 2017, and before the close of discovery on November 3, 2017. Federal Rule of Civil Procedure 6(b)(1)(B) requires that a party moving for an extension after the deadline has passed must show that they "failed to act because of excusable neglect." Defendants have not even attempted to demonstrate that excusable neglect existed.

However, in the interest of judicial efficiency, the deadlines in the July 17, 2017 discovery and scheduling order will be vacated and a new order will issue upon resolution of defendant Cuppy's motion to dismiss. Defendants Heatley, Pace, Williams, and Wong are advised that in the future, motions for an extension of time should be filed before the deadline expires or demonstrate that they are untimely because of excusable neglect or they will be denied.

Accordingly, IT IS HEREBY ORDERED that the motion to modify the scheduling order (ECF No. 51) is granted to the extent the deadlines in the July 17, 2017 discovery and scheduling order are vacated. A new scheduling order shall issue upon resolution of the pending motion to dismiss.

DATED: December 28, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE