UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GLENN JONES, SR., <br><br> Plaintiff, <br><br> v. <br><br> SAM WONG, et al., <br><br> Defendants. | No. 2:15-cv-0734 TLN AC P <br><br> ORDER AND FINDINGS & RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983 and state tort law. Pending before the court are defendant Cuppy's motion to dismiss for failure to state a claim and as untimely (ECF No. 43-1), which plaintiff opposes (ECF No. 49), and plaintiff's motion to compel (ECF No. 55).

I. Motion to Dismiss

A. Plaintiff's Allegations

At issue on the present motion are two claims stated against defendant Cuppy. ECF No. 43-1 at 1-2. Plaintiff alleges that he has suffered from degenerative disc disease and bulging of the L5-S1 disc since around 2002, after he injured his back. ECF No. 14 at 4, ¶¶ 18-19. He asserts that since then, his back condition has steadily worsened. Id., ¶ 20.

On January 11, 2014, defendant Cuppy, who was employed as a physician's assistant with the California Department of Corrections and Rehabilitation, examined plaintiff related to his

1

complaints of pain and his "right leg constantly twitching involuntarily." Id. at 4-5, ¶¶ 14, 22-23. Plaintiff appears to assert that the pain and involuntary spasms were related to his degenerative disc disease. Id. at 9, ¶ 42. Plaintiff alleges that during this appointment with Cuppy, she promised to refer him to a "U.C. Davis specialist" because of his pain and involuntary spasms. Id. at 5, ¶ 23. He also asserts that after he showed Cuppy his leg "twitching and spasming on its own," she did not render any treatment to address his pain or discomfort. Id.

      B.      <u>Legal Standard for Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)</u>

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1216, pp. 235-36 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing <u>Twombly</u>, 550 U.S. at 556).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Hosp. Bldg. Co. v. Trs. of the Rex Hosp.</u>, 425 U.S. 738, 740 (1976) (citation omitted), and construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969) (citations omitted). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" <u>Nat'l Org. for Women, Inc. v. Scheidler</u>, 510 U.S. 249, 256 (1994) (quoting <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 561 (1992)). However, while pro se pleadings are held to a less stringent standard than those drafted by

2

lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), the court need not accept legal conclusions "cast in the form of factual allegations," W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981) (citations omitted).

C. Defendant's Motion to Dismiss

Defendant Cuppy contends that the allegations against her should be dismissed because they are insufficient to establish a claim of deliberate indifference, they fail to establish a claim of professional negligence and, in the alternative, that the professional negligence claim is time-barred. ECF No. 43-1. In opposition, plaintiff asserts that his allegations successfully plead both deliberate indifference and professional negligence. ECF No. 49.

As discussed below, the undersigned reaffirms the previous determination that plaintiff's allegations state a claim, finds the professional negligence claim timely, and accordingly recommends that the instant motion be denied.

1. New Allegations Presented in Opposition to Motion to Dismiss

Defendant asserts that, in opposing the motion to dismiss, plaintiff has improperly introduced new allegations not previously mentioned in the amended complaint and that these allegations should not be considered in evaluating whether to grant her motion. ECF No. 50 at 3-4. Specifically, defendant points to plaintiff's statements that "Defendant Cuppy did prescribe psychotropic medication and sent plaintiff back to his cell" and that all of the named defendants "knew these medications can not [sic] be given together, because of their irreparable side effects, and still these defendants continued to prescribe these medications anyway." ECF No. 49 at 4.

On screening of the first amended complaint, the court recognized cognizable claims against defendant Cuppy for deliberate indifference and professional negligence. ECF No. 17 at 2 (citing ECF No. 6). These claims were based on plaintiff's allegations that Cuppy examined him, heard his subjective complaints of pain and discomfort, and failed to render treatment or refer him to a specialist. ECF No. 6 at 4, 7 (citing ECF No. 1 at 5, ¶¶ 23-24); ECF No. 17 at 2 (incorporating analysis in ECF No. 6 because the first amended complaint was nearly identical to the original complaint). Although the court also recognized sufficient allegations surrounding the improper prescription of drugs, that claim was limited to defendants Pace, Wong, and Heatley,

and construed to exclude defendant Cuppy. ECF No. 6 at 3-4, 6-7 (incorporated by ECF No. 17); ECF No. 17 at 2 ("Pace, like defendants Wong and Heatley, is alleged to have prescribed plaintiff medications to treat his pain that are not for pain and that have harmful side effects when prescribed together." (citing ECF No. 14 at 7)).

This claim regarding defendant Cuppy's involvement with the prescription of improper medications was not alleged in the first amended complaint or recognized on screening. Because of this, defendant is correct that this new claim against Cuppy should not be considered in deciding the motion to dismiss. Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (citations omitted)). Therefore, the determination regarding the sufficiency of plaintiff's various claims will be restricted to the allegations stated in the operative complaint.

The court also notes that the additional claims against defendant Cuppy contradict plaintiff's original allegations contained in the amended complaint. Plaintiff initially contended that Cuppy "did not do anything" to address his medical needs. ECF No. 14 at 5, ¶ 23. He now alleges in his opposition that Cuppy engaged in prescribing the harmful medication combinations during the exam.[1] ECF No. 49 at 4. To the extent plaintiff is trying to establish grounds for amending the complaint in the event defendant's motion to dismiss is granted, his inconsistent allegations fail to achieve that goal. Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990) ("Although leave to amend should be liberally granted, the amended complaint may only allege 'other facts consistent with the challenged pleading.'" (citation omitted)).

### 2. Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

---

[1] Although the amended complaint alleged that Cuppy knew the medications could not be prescribed together (ECF No. 14 at 7, ¶ 35), it did not contain any specific allegations that she prescribed him those medication or was aware that he had been concurrently prescribed those medications.

4

must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Indications to alert prison staff that a prisoner has a serious medical need include: "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." McGuckin, 974 F.2d at 1059-60 (citations omitted), overruled in part on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation and internal quotation marks omitted). To state a claim for deliberate indifference to serious medical needs, a prisoner therefore must allege that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference may also be recognized if "prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Jett, 439 F.3d at 1096 (citation and internal quotation marks omitted). But, to successfully plead a delay of treatment as deliberate indifference, the prisoner must allege that it led to further injury. Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Additionally "[a] prisoner need not show his harm was substantial" to maintain a deliberate indifference claim. Jett, 439 F.3d at 1096 (citation omitted).

Mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). To make

out a claim for deliberate indifference that turns on a difference of medical opinion, the plaintiff must allege not that the action taken was negligent or constituted medical malpractice, but "that the course of treatment the doctors chose was medically unacceptable under the circumstances" and that the defendants "chose this course in conscious disregard of an excessive risk to plaintiff's health." Id. (citations omitted).

### a. Defendant's Knowledge of a Serious Medical Issue

As an initial matter, defendant does not appear to contend that plaintiff has failed to sufficiently plead he suffered from a serious medical need. Plaintiff alleges that he suffered from degenerative disc disease, bulging of the L5-S1 disc, and uncontrollable muscle spasms in his leg. ECF No. 14 at 1 ,4, ¶¶ 1, 19. At the pleading stage, these allegations, accepted as true, establish a serious medical need for Eighth Amendment purposes.

Defendant first argues that plaintiff's allegations fail to establish that she possessed the requisite subjective knowledge that there was an excessive risk to plaintiff's health or safety. ECF No. 43-1 at 6. To prove a claim of deliberate indifference, plaintiff needs to show that defendant knew of and disregarded an excessive risk to the inmate's health and safety. Toguchi, 391 F.3d at 1057. Specifically, defendant asserts that her observations of plaintiff's leg during the medical examination, including the alleged complaints of pain proffered by the plaintiff, fail to establish the existence of an excessive risk to plaintiff's health or safety about which she should have, or did, possess the required subjective knowledge. ECF No. 43-1 at 6.

The court can infer from the facts alleged that, as a medical professional, defendant would have been aware of the possible consequences of refraining from treating plaintiff, including but not limited to the imposition of unnecessary pain and suffering. The complaint alleges that defendant was aware of plaintiff's underlying back issues, that she observed the involuntary twitching occurring in plaintiff's leg, heard plaintiff's complaints of pain, and responded positively to his request for treatment by a specialist. ECF No. 14 at 8-9, ¶¶ 23, 42. Defendant Cuppy's alleged offer to schedule additional treatment by a specialist is adequate to allow the

////

////

court to infer that she believed plaintiff's symptoms presented a serious medical need.[2]

For present purposes, defendant's alleged inaction supports an inference that she knew of and disregarded the risks that plaintiff could suffer as a result of her failure to treat or refer. At this point in litigation, allegations must be taken in a light most favorable to the plaintiff. Jenkins, 395 U.S. at 421. Plaintiff's allegations regarding the apparent pain and discomfort he experienced during this medical examination, along with his underlying medical condition, support an inference that defendant Cuppy was aware of an excessive risk to plaintiff's health and failed to render assistance. At a minimum, defendant Cuppy's failure to render initial treatment to address plaintiff's subjective complaints of pain is sufficient to allege that she knowingly subjected plaintiff to continued pain.

Defendant's claim that the symptoms and complaints presented could not have alerted her to an excessive risk to plaintiff's health is not supported by the record. Plaintiff has successfully pled the existence of an excessive risk to his health and that defendant Cuppy was subjectively aware of and disregarded that risk.

### b. Whether Defendant's Failure to Treat Or Refer Was Medically Unacceptable

Defendant next argues that plaintiff has failed to adequately plead that defendant Cuppy's failure to treat and refer was medically unacceptable behavior, the required standard for a deliberate indifference claim regarding medical treatment. ECF No. 43-1 at 6.

As stated above, in order to establish a claim for deliberate indifference that turns on a difference of medical opinion, the plaintiff must allege not that the action taken was negligent or constituted medical malpractice, but "that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson, 90 F.3d at 332. For present purposes, plaintiff does not need to conclusively show that defendant's actions were medically

---

[2] Defendant argues that plaintiff does not allege that she had the authority to schedule him to see a specialist. ECF No. 43-1 at 7. However, plaintiff clearly states that Cuppy told him she would schedule him for an appointment (ECF No. 14 at 5, ¶ 23), and the court can infer that defendant would not have told plaintiff she would schedule him for an appointment if she did not have the authority to do so.

7

unacceptable. He must only make sufficient allegations that state a plausible Eighth Amendment violation. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570); Haines, 404 U.S. at 520-21 (a pro se complaint should only be dismissed for failure to state a claim if "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957))). Additionally, allegations of pain may be sufficient to constitute an injury in the deliberate indifference context. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989) (citation omitted); Jett, 439 F.3d at 1096; Estelle, 429 U.S. at 103 (Eighth Amendment prohibits "unnecessary and wanton infliction of pain" (citations omitted)).

With respect to plaintiff's injury, the complaint contains allegations that plaintiff suffered extended pain from involuntary twitching and cramping of his leg as a result of defendant's failure to provide medical treatment or procure a referral for plaintiff's treatment. ECF No. 14 at 8-9, ¶¶ 39, 42. Taken as true, these allegations are sufficient to show that plaintiff suffered serious harm as a result of defendant Cuppy's failure to treat him.

Plaintiff alleges that defendant Cuppy was aware of the pain he was experiencing, as well as his underlying infirmity. Id. at 5, 8-9, ¶¶ 23, 39, 42. Even with this knowledge, defendant did not perform any treatment or refer him to a specialist, despite her alleged affirmation that a referral was necessary. Id. While as litigation proceeds it may be determined that defendant Cuppy's decision to refuse to provide treatment or issue a referral is just a mere difference in opinion, at this stage the allegations successfully assert that this delay in treatment constituted medically unacceptable behavior.[3] Accordingly, plaintiff has adequately alleged that defendant Cuppy's failure to act was medically unacceptable.

### c. Causal Link Between Defendant's Actions and Plaintiff's Injury

Lastly, defendant asserts that the causal chain between defendant Cuppy's inaction and the

---

[3] Defendant implicitly argues that the determination by subsequent medical providers that a consultation with a specialist was unnecessary demonstrates a lack of deliberate indifference. ECF No. 43-1 at 7. However, those subsequent providers are defendants and the complaint explicitly challenges the validity of their assessments. ECF No. 14 at 6, ¶¶ 28, 30-31.

alleged harm experienced by the plaintiff was broken by the subsequent intervention by the other named defendants. Specifically, defendant claims that "conduct subsequent to the alleged acts or omissions of defendant Cuppy were the superseding cause of his damages" and because of that defendant is not the cause of plaintiff's injury. ECF No. 43-1 at 7-8.

Causation for deliberate indifference claims that are brought to hold defendants personally liable require a more individualized, not general, inquiry. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." (citations omitted)). Plaintiff has successfully alleged that defendant Cuppy's inaction resulted in unnecessary pain. These allegations are sufficient to state a valid claim for Eighth Amendment purposes because there is a clear causal link between defendant Cuppy's alleged deliberate indifference and plaintiff's harm. Although the actions of the other defendants may limit Cuppy's liability or the damages plaintiff can receive from her, they do not necessarily absolve her of all liability. The causations issues presented by plaintiff's claim and Cuppy's proferred defense may be amenable to resolution at the summary judgment stage, but are not grounds for dismissal at the pleading stage. Accordingly, defendant's argument that the claims against her should be dismissed because her liability was superseded by subsequent medical providers fails, and the motion should be denied on this ground.

### 3. Professional Negligence

#### a. Statute of Limitations

Defendant next asserts with regard to plaintiff's pendant professional negligence claim that it is time-barred under California Code of Civil Procedure (Civil Code) § 340.5, which provides a one-year statute of limitations from the date the injury is discovered. ECF No. 43-1 at 8-12. She argues that although two conflicting statutes apply to medical negligence claims, Civil Code § 340.5 and California Government Code (Government Code) § 945.6, the governing statute of limitations with regard to plaintiff's medical negligence claim is Civil Code § 340.5, not

////

////

9

Government Code § 945.6.[4] Id. Defendant explains that because both statutes govern the various deadlines for bringing tort claims, including negligence claims, they are therefore competing and the court should find that Civil Code § 340.5 controls. Id. at 10-11. In support of this contention defendant claims that because § 340.5 was enacted more recently, it should supersede Government Code § 945.6. Id. at 11. She also states the court should find Civil Code § 340.5 the controlling statute because an analysis of the applicable legislative history demonstrates both statutes at issue were enacted with the intention to limit medical malpractice claims, and to apply Civil Code § 340.5 would achieve this purpose. ECF No. 43-1 at 10-11.

Even if the court assumes that defendant is correct and the one-year statute of limitations found in Civil Code § 340.5 applies, "since a litigant must exhaust administrative remedies before filing a court action, [the court] exclude[s] the time consumed by the administrative proceeding from the time limits that apply to pursuing the court action." Wright v. State, 122 Cal. App. 4th 659, 671 (Cal. Ct. App. 2004) (citations omitted); In re Dexter, 25 Cal. 3d 921, 925 (Cal. 1979) ("As a general rule, a litigant will not be afforded judicial relief unless he has exhausted available administrative remedies." (citation omitted)); Elkins v. Derby, 12 Cal. 3d 410, 414 (Cal. 1974) ("[W]henever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding." (citations omitted)). "The requirement that administrative remedies be exhausted applies to grievances lodged by prisoners." In re Dexter, 25 Cal. at 925 (citations and internal quotation marks omitted). Plaintiff exhausted his administrative remedies on August 20, 2014 (ECF No. 14 at 2, ¶ 5), and the complaint was filed less than a year later on March 27, 2015 (ECF No. 1 at 9).[5] The claims were therefore timely under Civil Code § 340.5.

### b. Elements of a Professional Negligence Claim

Professional negligence is defined as "a negligent act or omission to act by a health care

---

[4] For purposes of the motion to dismiss, defendant assumes that Government Code § 945.6(a)(2)'s two-year statute of limitations would apply. ECF No. 43-1 at 10 n.1.
[5] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988).

10

provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury." Cal. Civ. Code § 340.5(2). The medical provider must be licensed to provide the services at issue and the services must not be "within any restriction imposed by the licensing agency or licensed hospital." Id. "The elements of a cause of action in tort for professional negligence are: (1) the duty of the professional to use such skill, prudence and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Burgess v. Superior Court, 2 Cal. 4th 1064, 1077 (Cal. 1992) (citation and internal quotation marks omitted). To assess whether a medical professional has potentially committed professional negligence, the court looks at whether the professional deviated from the requisite duty of care. "[T]he standard for professionals is articulated in terms of exercising the knowledge, skill and care ordinarily possessed and employed by members of the profession in good standing." Flowers v. Torrance Mem'l Hosp. Med. Ctr., 8 Cal. 4th 992, 998 (Cal. 1994) (citation and internal quotation marks omitted).

Plaintiff claims that defendant Cuppy, a physician's assistant, committed professional negligence when she examined him, heard his complaints, and did not supply any medical treatment or refer him to a specialist for necessary treatment. ECF No. 14 at 5, 8, ¶¶ 23, 39. Plaintiff alleges that this deficient, or non-existent, treatment caused him to suffer prolonged and unnecessary pain and suffering. Id.

In moving to dismiss the professional negligence claim, defendant challenges the sufficiency of the pleadings only as to causation. ECF No. 43-1 at 12-13. Defendant asserts that because the treatment, or lack thereof, was continued by subsequent medical professionals, her actions do not constitute the required proximate cause of plaintiff's alleged harm. Id. at 13. Specifically, defendant contends that her inaction did not cause plaintiff's injury of continued pain "because at least three different medical doctors examined and/or evaluated plaintiff after his January 11, 2014, appointment with Defendant Cuppy, and not one of them felt that Plaintiff required a referral to a specialist." Id. This argument is untenable, since plaintiff specifically

11

alleges that the subsequent medical providers' determinations were also faulty and all contributed to his harm. ECF No. 14 at 5-6, ¶¶ 25-31. Defendant Cuppy's alleged negligence is therefore not absolved by the fact that subsequent medical providers also did not refer plaintiff to a specialist, and she may be liable for the pain plaintiff suffered during the period between her examination of plaintiff and the next defendant's examination.

Plaintiff's allegations are sufficient to establish defendant Cuppy was a cause of plaintiff's harm. While the subsequent lack of treatment continued by various medical providers may impact defendant Cuppy's liability for damages, the additional involvement of the other defendants does not necessarily break defendant Cuppy's causal connection to plaintiff's prolonged, unnecessary pain. See Jameson v. Desta, 215 Cal. App. 4th 1144, 1168 (Cal. Ct. App. 2013) (even without expert testimony regarding harm caused by unnecessary injections, injections were "'inherently injurious'" because plaintiff "'needlessly has . . . been subjected to pain and suffering.'" (quoting Tortorella v. Castro, 140 Cal. App. 4th 1, 13 (2006))). Defendant's theory that she should be dismissed because there is no causal connection sufficient for plaintiff to plead professional negligence fails.

### c. Waiver of Claim

In her reply, defendant argues that because plaintiff failed to address her arguments that his professional negligence claim failed to state a claim and was untimely, he has abandoned this claim and it should be dismissed.[6] ECF No. 50 at 3. However, plaintiff clearly refers to the court's screening order in his opposition to defendant's motion to dismiss, and states that the

---

[6] Defendant relies on Walsh v. Nevada Department of Human Resources, 471 F.3d 1033, 1037 (9th Cir. 2006) (holding that failure to raise claim for injunctive relief in response to motion to dismiss on ground of immunity from money damages constituted effective abandonment and prevented consideration of claim on appeal); Conservation Force v. Salazar, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009) (finding that "[w]here plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived," but considering the claim anyway); and Jenkins v. County of Riverside, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (noting that two claims were abandoned when not raised in opposition to motion for summary judgment, but not addressing whether they could be considered by court); for the proposition that the professional negligence claim should be dismissed as abandoned. ECF No. 50 at 3. However, even if defendant were correct that plaintiff failed to address the arguments against the professional negligence claim, none of the cases cited require that this court dismiss it without considering whether it in fact states a claim or is untimely.

court already recognized that the complaint stated a professional negligence claim. ECF No. 49 at 1. Because the standard used to assess the sufficiency of claims on screening is the same as that used in considering a motion to dismiss, plaintiff is well within his rights to rely on the court's holding that his claims were supported with adequate facts. Additionally, defendant argues that the professional negligence allegations fail to state a claim solely because plaintiff has not shown causation (ECF No. 43-1 at 12-13), but plaintiff explicitly re-asserts in the opposition that defendant Cuppy's actions caused his injury (ECF No. 49 at 4). Though inartful, plaintiff's opposition is sufficient to demonstrate that he has not abandoned his professional negligence claim against defendant Cuppy.

With respect to plaintiff's failure to address the timeliness of his professional negligence claim, in order to find a claim untimely on a motion to dismiss, untimeliness must be clear on the face of the complaint. U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc., 720 F.3d 1174, 1178 (9th Cir. 2013) ("A claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute [of limitations] is apparent on the face of the complaint.'" (alteration in original) (quoting Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010))); Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." (citiations omitted)). Because defendant did not consider the tolling effect of plaintiff's administrative appeal, her claim of untimeliness is faulty and it is not clear on the face of the complaint that this claim is untimely.

D. Conclusion

At the pleading stage, the court must take as true the allegations in the complaint and construe the allegations in the complaint in plaintiff's favor. For the reasons set forth above, plaintiff has adequately alleged an Eighth Amendment violation and professional negligence claim and his negligence claim is timely. Therefore, it will be recommended that the motion to dismiss be denied.

////

II.     Motion to Compel

On January 30, 2018, plaintiff filed a motion to compel, seeking to subpoena the production of documents, records of complaints, and medical appeal records, against all defendants. ECF No. 55 at 1. Defendants oppose this motion on the grounds that it is premature and unnecessary. ECF No. 57 at 1-2; ECF No. 58 at 1.

The discovery and scheduling order in this case has been vacated, and never applied to defendant Cuppy. See ECF No. 28 (Discovery and Scheduling Order), ECF No. 54 (Order vacating deadlines). Accordingly, plaintiff's motion to compel is premature with regard to Cuppy. Furthermore, Cuppy's motion to dismiss seeks dismissal of all claims against her. Although it is being recommended that the motion be denied, in the interests of judicial efficiency a scheduling order will not issue until the motion has been finally resolved by order of the assigned District Judge. For these reasons, the motion to compel will be denied as to defendant Cuppy.

As to defendants Pace, Heatley, Wong, and Williams, the court notes that these defendants' opposition to the motion was untimely even if their deadline had been calculated based on the date the motion was entered into CM/ECF, rather than the date of service. See L.R. 230(l) (the opposition to a motion filed in a pro se prisoner case is to be filed within twenty-one days after the date of service). These defendants have previously been warned about untimely filings (ECF No. 54 at 2) and their opposition will therefore be disregarded.

However, because of deficiencies with plaintiff's motion, it will be denied as to all defendants. Specifically, plaintiff has failed to reproduce the discovery requests and responses at issue or set forth why defendants' responses and objections are insufficient. ECF No. 55. It also appears from the motion that plaintiff may not have ever submitted a discovery request and is instead attempting to either subpoena the records from defendants or simply obtain a court order directing defendants to produce the documents, neither of which is proper. See Fed. R. Civ. P. 34(c) (documents can be obtained from *non-parties* through the use of subpoenas as outlined in Fed. R. Civ. P. 45); Fed. R. Civ. P. 37(a)(3)(B)(iv) (a party may file a motion to compel production if a party fails to respond to a request under Rule 34). The motion will therefore be

denied without prejudice to a motion in the proper form.  However, since the original scheduling order as to these defendants was vacated (ECF No. 54), further motions to compel will not be considered until a new scheduling order is issued.  A new order will issue after the assigned District Judge rules on the motion to dismiss.

III. <u>Plain Language Summary of the Order for a Pro Se Litigant</u>

The magistrate judge is recommending that the motion to dismiss be denied because you have adequately pled deliberate indifference and professional negligence against defendant Cuppy and your state tort claim is timely.  Your motion to compel is being denied without prejudice.  A scheduling order will issue after the district judge rules on the recommendation to deny the motion to dismiss.  You should wait to file any motions to compel until after the court has set a new schedule.  Any future motion to compel must identify the discovery requests and responses at issue.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 55) is DENIED.

IT IS FURTHER RECOMMENDED that:

1. Defendant Cuppy's motion to dismiss (ECF No. 43) be DENIED.

2. If these findings and recommendations are adopted by the District Judge, defendant Cuppy be directed to file an answer to the amended complaint within twenty-one days of the order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The

////

////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 18, 2018

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE