UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ARTHUR GLENN JONES, SR., | No. 2:15-cv-0734 TLN AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| SAM WONG, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's second motion to compel discovery. ECF No. 65.

On July 17, 2017, a discovery and scheduling order was issued in this case as to defendants Heatley, Pace, Williams, and Wong, with discovery set to close on November 3, 2017. ECF No. 28. Nearly two months after the close of discovery, defendants Heatley, Pace, Williams, and Wong filed a motion to modify the scheduling order to extend all deadlines by 120 days so that plaintiff's deposition could be taken after the resolution of defendant Cuppy's then pending motion to dismiss. ECF No. 51. Although the motion was untimely as to the discovery deadline, the deadlines in the July 17, 2017 discovery and scheduling order were vacated. ECF No. 54.

After the discovery deadline was vacated, plaintiff filed his first motion to compel against all defendants, seeking to subpoena the production of documents, records of complaints, and

1

medical appeal records. ECF No. 55. Because the discovery and scheduling order had been vacated and had never applied to defendant Cuppy, the motion was denied as premature as to her. ECF No. 59 at 14. As to all other defendants, it was denied as defective. Id. Specifically, the undersigned found that

> plaintiff has failed to reproduce the discovery requests and responses at issue or set forth why defendants' responses and objections are insufficient. ECF No. 55. It also appears from the motion that plaintiff may not have ever submitted a discovery request and is instead attempting to either subpoena the records from defendants or simply obtain a court order directing defendants to produce the documents, neither of which is proper. See Fed. R. Civ. P. 34(c) (documents can be obtained from non-parties through the use of subpoenas as outlined in Fed. R. Civ. P. 45); Fed. R. Civ. P. 37(a)(3)(B)(iv) (a party may file a motion to compel production if a party fails to respond to a request under Rule 34).

Id.

On October 30, 2018, after defendant Cuppy's motion to dismiss was denied and she filed an answer, a new discovery and scheduling order was issued. ECF No. 64. Plaintiff and Cuppy were permitted to conduct discovery until February 22, 2019. Id. at 5. As to plaintiff and the other defendants, discovery was limited to the taking of plaintiff's deposition and any motions to compel related to plaintiff's deposition. Id. Less than two weeks after the October 30, 2018 scheduling order was issued, plaintiff filed the instant motion to compel. ECF No. 65.

Plaintiff's current motion is nearly identical to his original motion (compare ECF No. 55 with ECF No. 65), and therefore suffers from the same defects and will be denied. Moreover, it appears that the motion is likely still premature as to Cuppy, since it is unlikely that plaintiff served discovery requests and Cuppy returned her responses in the thirteen days that elapsed between the filing of the scheduling order and plaintiff's motion to compel. As to defendants Heatley, Pace, Williams, and Wong, both the instant and previous motions to compel were filed after the original close of discovery, and when discovery was re-opened as to these parties, it was for the limited purpose of completing plaintiff's deposition. Not only has plaintiff failed to identify what discovery requests the defendants failed to respond to, but he has failed to explain why he did not move to compel their responses prior to the original close of discovery. The court will not consider any subsequent motion to compel unless it identifies the discovery requests that

plaintiff claims the defendants failed to sufficiently answer, and if the motion is against defendants Heatley, Pace, Williams, and Wong, it must also explain why plaintiff did not file the motion before the original November 3, 2017 close of discovery.

Accordingly, IT IS HEREBY ORDERED THAT plaintiff's motion to compel (ECF No. 65) is denied without prejudice to a motion in the proper form.

DATED: November 19, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE