UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GLENN JONES, SR., | No. 2:15-cv-0734 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| SAM WONG, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed motion for an independent medical examination under Federal Rule of Civil Procedure 35. ECF No. 67. In the motion, he requests that the court issue an order that requires him to be sent to UC Davis Medical Center for an EMG, MRI, and examination by a physician in order to evaluate his injuries. Id. at 1-2. He further requests copies of any results so that he can submit them as evidence. Id. at 2.

Federal Rule of Civil Procedure 35(a) provides that

> [t]he court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

However, Rule 35 does not allow for a physical examination of oneself. See Fed. R. Civ. P. 35;

1

Schlagenhauf v. Holder, 379 U.S. 104, 118-19 (1964); see also Hanna v. Chudy, 2011 WL 2039421, at *1, 2011 U.S. Dist. LEXIS 55972, at *3 (N.D. Cal. May 25, 2011) (collecting district court cases holding same).  Furthermore, even if the court were to grant plaintiff's request for an examination, he would be responsible for the costs associated with the examination because the statute authorizing plaintiff's in forma pauperis status does not authorize the expenditure of public funds for expert witnesses.  See 28 U.S.C. § 1915; Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) (expenditure of public funds on behalf of indigent litigant is proper only when authorized by Congress); Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987) (no provision to pay fees for expert witnesses).  The motion will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for an independent medical examination (ECF No. 67) is denied.

DATED: January 9, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE