UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GLENN JONES, SR., | No. 2:15-cv-0734 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| SAM WONG, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the court are defendant Cuppy's motion to compel (ECF No. 75) and plaintiff's motion to suppress (ECF No. 77).

I. Procedural Background

After waiving service, defendants Heatley, Pace, Williams, and Wong filed an answer to the complaint (ECF No. 23) and a scheduling and discovery order was issued (ECF No. 28). After some delays that were not attributable to defendant Cuppy or her counsel, Cuppy waived service and filed a motion to dismiss (ECF No. 43). While the motion was pending, Heatley, Pace, Williams, and Wong moved to modify their scheduling order, including the deadline for completing plaintiff's deposition. ECF Nos. 51-53. Although the motion was made after the close of discovery, in the interest of judicial efficiency, the deadlines in the scheduling order related to Heatley, Pace, Williams, and Wong were vacated, to be re-set upon the resolution of

1

Cuppy's motion to dismiss. ECF No. 54. After Cuppy's motion to dismiss was denied and she answered the complaint, a new discovery and scheduling order issued. ECF No. 64. Discovery between plaintiff and Cuppy was scheduled to close on February 22, 2019, with discovery requests to be served no later than December 21, 2018. <u>Id.</u> at 5. The deadline for discovery between plaintiff and Heatley, Pace, Williams, and Wong was also February 22, 2019, but was limited to taking plaintiff's deposition and any related motions. <u>Id.</u> The dispositive motions deadline for all parties is May 17, 2019. <u>Id.</u> at 6. On February 19, 2019, Cuppy moved to extend the deadline to complete plaintiff's deposition and file any related motions to March 22, 2019. ECF No. 72. The motion was granted, and all other deadlines remained unchanged. ECF No. 74.

II. <u>Motion to Compel</u>

On February 21, 2019, defendant Cuppy filed a motion to compel discovery responses in which she asserts that on December 21, 2018, she served timely requests for interrogatories and production on plaintiff, but that he has failed to respond. ECF No. 75. Plaintiff has opposed the motion on the ground that he never received the discovery requests at issue and that if he had received them, he would have responded to them as he did the other discovery requests he received. ECF No. 78.

Defendant Cuppy has not replied to plaintiff's opposition or challenged his assertion that he did not receive the discovery requests. The motion to compel will therefore be granted only insofar as the court will re-open discovery for the limited purpose of allowing Cuppy to re-serve her requests so that plaintiff may have an opportunity to respond to them. In light of this brief and limited re-opening of discovery, the dispositive motions deadline will be vacated and re-set.

III. <u>Motion to Suppress</u>

Plaintiff has moved to suppress his March 6, 2019 deposition on the ground that his due process rights were violated when counsel refused to allow him to submit documentation for the record in violation of Federal Rule of Civil Procedure 30 and refused to let him show them his leg spasm. ECF No. 77. He also indicates that there are corrections to the deposition transcript that he would like to make. <u>Id.</u> at 8. All defendants oppose the motion. ECF Nos. 79, 80.

As an initial matter, Rule 30(e) provides the procedure for making changes or corrections

2

1  to a deposition transcript, and defendants indicate that plaintiff was provided the form for making

2  changes and corrections to the transcript (ECF No. 79 at 4).  Accordingly, the need to make

3  corrections is not grounds for suppressing the deposition.

4      Plaintiff argues that his deposition should be suppressed because Rule 30(f)(2)(A) requires

5  that "[d]ocuments and tangible things produced for inspection during a deposition must, on a

6  party's request, be marked for identification and attached to the deposition" and he was not

7  allowed to have documents attached to the deposition.  ECF No. 77.  Defendants argue that

8  plaintiff's motion should be denied because plaintiff never requested to have his documents

9  marked for identification.  ECF No. 79 at 3; ECF No. 80 at 1-2.  Instead, he offered documents to

10 counsel for their records or asked counsel if they would like to make the documents an exhibit,

11 which counsel declined in some instances.  ECF No. 79 at 3; ECF No. 80 at 1-2.

12     Plaintiff's own motion is unclear as to the nature of his requests regarding his records at

13 the deposition, and he has not disputed defendants' characterization of the event.  The motion to

14 suppress simply states that plaintiff was not allowed to submit documents, and that when he tried

15 "defendant's counsel would just slide Plaintiff's documentation back to him."  ECF No. 77 at 3.

16 However, as defendants point out, plaintiff's deposition transcript shows that several of his

17 documents were in fact submitted to the court reporter as exhibits.  ECF No. 9-1 at 5-10 (PL

18 Depo. at 125:1-7, 126:17-23, 127:4-8, 129:13-22).  With respect to plaintiff's claim that

19 defendants' counsel would not look at his leg spasm, the deposition was not being video recorded,

20 counsel are not expert witnesses such as they could opine as to the cause of any spasming they

21 may have witnessed, and plaintiff is competent to testify as to what he was experiencing.  There is

22 no basis to conclude that defendants' counsel acted improperly in declining to look at plaintiff's

23 leg spasm.

24     Finally, Federal Rule of Civil Procedure 32(d)(3)(B) requires that any objection "to the

25 manner of taking the deposition, . . . a party's conduct, or other matters that might have been

26 corrected at the time" must be "timely made during the deposition" or they are waived.  There is

27 no indication that plaintiff made timely objections and his objections are therefore waived.

28 Additionally, plaintiff has not raised "[a]n objection to how the officer transcribed the

testimony—or prepared, signed, certified, sealed, endorsed, sent, or otherwise dealt with the deposition" that would support a motion to suppress. Fed. R. Civ. P. 32(d)(4). Accordingly, plaintiff's motion to suppress his deposition testimony and require defendants to re-depose him will be denied.[1]

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Cuppy's motion to compel (ECF No. 75) is granted in part. The discovery deadline is re-opened for the limited purpose of allowing defendant Cuppy to re-serve her discovery requests and bring any related motions. Defendant Cuppy shall have until May 17, 2019, to re-serve her discovery requests originally served on plaintiff on December 21, 2018. Plaintiff shall have forty-five days from the date of service to respond to the requests, and any motions necessary to compel responses to the requests shall be filed by July 16, 2019. The motion to compel is otherwise denied.

2. The May 17, 2019 dispositive motion deadline is vacated as to all parties. In the event defendant Cuppy files a motion to compel, dispositive motions will be due thirty days after resolution of the motion. If no motion to compel is filed by July 16, 2019, dispositive motions will be due by August 15, 2019.

3. Plaintiff's motion to suppress his deposition (ECF No. 77) is denied.

DATED: May 10, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] In denying the motion, the court notes that plaintiff's primary concern appears to be that he will be somehow limited in the documents he can rely on in defending against a motion for summary judgment because the documents were not attached to his deposition. However, the fact that documents were not attached to his deposition does not mean that he cannot submit them in responding to a summary-judgment motion. Plaintiff is free to submit any evidence that he wishes at the appropriate time.

4