UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GLENN JONES, SR., | No. 2:15-cv-0734 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| SAM WONG, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a second motion for an independent medical examination under Federal Rule of Civil Procedure 35. ECF No. 82. In the motion, he requests that the court issue an order that requires him to be sent to UC Davis Medical Center (UC Davis) for an examination by a physician in order to evaluate his injuries. Id. at 2. He argues that the court misconstrued his previous request as one for an expert witness, and that he is entitled to be examined at UC Davis without incurring any costs because UC Davis has a contract with the California Department of Corrections and Rehabilitation (CDCR). Id. However, plaintiff misunderstands both the purpose of Rule 35(a) and the nature of the relationship between UC Davis and the CDCR as reflected in the cases he cites.

Federal Rule of Civil Procedure 35(a) provides that

> [t]he court where the action is pending may order a party whose

1

> mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

However, as plaintiff was previously advised, "Rule 35 does not allow for a physical examination of oneself." ECF No. 69 at 1-2 (citing Fed. R. Civ. P. 35; Schlagenhauf v. Holder, 379 U.S. 104, 118-19 (1964)); Hanna v. Chudy, 2011 WL 2039421, at *1, 2011 U.S. Dist. LEXIS 55972, at *3 (N.D. Cal. May 25, 2011) (collecting district court cases holding same)). Rather, Rule 35 provides the court with authority to order a party to submit to a physical examination at the request of an opposing party.

With respect to plaintiff's claim that he would not have to pay for the examination because UC Davis and the CDCR have a contractual agreement, the cases that he cites demonstrate that UC Davis is contracted to provide specialized medical care for inmates in CDCR custody, not to perform medical examinations for plaintiffs alleging injury in a lawsuit. See ECF No. 82 at 2 (citing Parthemore v. Kissel, No. 2:13-cv-0819 KJM AC, 2017 WL 931885, at *8, 2017 U.S. Dist. LEXIS 34045, at *22 (E.D. Cal. Mar. 9, 2017); Gorton v. Todd, No. 2:08-cv-3069 LKK GGH, 2012 WL 3276939, at *1, 2012 U.S. Dist. LEXIS 112390, at *2-3 (E.D. Cal. Aug. 9, 2012); Reed v. Williams, No. 2:05-cv-0060 JAM KJN, 2010 WL 1486490, at *4, 2010 U.S. Dist. LEXIS 36418, at *11 (E.D. Cal. Apr. 13, 2010)). Accordingly, plaintiff would still be responsible for the costs associated with the examination.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for an independent medical examination (ECF No. 82) is denied.

DATED: June 18, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE