UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GLENN JONES, SR.,<br><br>Plaintiff,<br><br>v.<br><br>SAM WONG, et al.,<br><br>Defendants. | No. 2:15-cv-0734 TLN AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a motion for reconsideration directed to the undersigned. ECF No. 115.

By order filed December 4, 2019, the undersigned denied plaintiff's motion for an extension of time to file a sur-reply to defendants' motion for summary judgment on the grounds that Local Rule 230(l) did not provide for a sur-reply and plaintiff had not provided an explanation as to why he should be allowed to file one. ECF No. 114. Plaintiff now seeks reconsideration of that order, and leave to file a sur-reply, on the ground that defendants have misstated the facts by claiming the medical records he submitted are not authenticated and are therefore unreliable. ECF No. 115 at 4. He argues that if he is not allowed to file a sur-reply the court will take defendants' statements as true. Id.

Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior

1

motion, or what other grounds exist for the motion." L.R. 230(j)(3). Although plaintiff has now provided the reason that he seeks leave to file a sur-reply, the undersigned does not find the reason sufficient to grant the request. While "only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment," Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1181 (9th Cir. 1988) (citations omitted), "[a]t the summary judgment stage, [the court does] not focus on the admissibility of the evidence's form. [It] instead focus[es] on the admissibility of its contents," Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003) (citations omitted); Aholelei v. Haw. Dep't of Pub. Safety, 220 F. App'x 670, 672 (9th Cir. 2007) (district court abused its discretion in not considering plaintiff's evidence at summary judgment "which consisted primarily of litigation and administrative documents involving another prisoner and letters from other prisoners" and could be made admissible at trial). In other words, the court can consider the evidence if its contents could be presented in an admissible form at trial. Fraser, 342 F.3d at 1037. Accordingly, plaintiff's assertion that the court will be required to disregard his documents because of defendants' "misstatements" regarding whether they have been authenticated is mistaken, and the court is free to consider the documents if it appears they could be made admissible at trial.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration and for leave to file a sur-reply, ECF No. 115, is DENIED.

DATED: January 13, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE