UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GLENN JONES, Sr., | No. 2:15-cv-00734-TLN-AC |
| Plaintiff, | |
| v. | **ORDER** |
| SAM WONG, et al., | |
| Defendants. | |

Plaintiff Arthur Glenn Jones, Sr. ("Plaintiff"), a state prisoner proceeding *pro se*, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 14, 2020, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within 21 days.  (ECF No. 120.)  Defendant Cuppy and Plaintiff have filed Objections to the Findings and Recommendations.  (ECF Nos. 122, 123.)  Defendants Heatley, Pace, Williams, and Wong filed a Response to Plaintiff's Objections.  (ECF No. 125.)

This Court reviews *de novo* those portions of the proposed findings of fact to which objection has been made.  28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982); *see also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).  As to any portion of the proposed

1

1 findings of fact to which no objection has been made, the Court assumes its correctness and
2 decides the motions on the applicable law. *See Orand v. United States*, 602 F.2d 207, 208 (9th
3 Cir. 1979). The magistrate judge's conclusions of law are reviewed *de novo*. *See Britt v. Simi*
4 *Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

5       Having carefully reviewed the entire file under the applicable legal standards, the Court
6 finds the Findings and Recommendations to be supported by the record and by the magistrate
7 judge's analysis.

8       Plaintiff and Defendant Cuppy object to the recommendation to decline to exercise
9 pendent jurisdiction over Plaintiff's state claims and argue the Court should exercise its discretion
10 to retain the claims in the interest of judicial economy. (ECF No. 122 at 3–5; ECF No. 124 at
11 10.) The district court may decline to exercise supplemental jurisdiction where all claims over
12 which the court has original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3). "[I]n the
13 usual case in which federal-law claims are eliminated before trial, the balance of factors to be
14 considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and
15 comity—will point toward declining to exercise jurisdiction over the remaining state law claims."
16 *Carnegie-Mellon Univ. v. Cohill, Inc. (Carnegie-Mellon)*, 484 U.S. 343, 350 n.7 (1988)
17 (indicating disapproval of a district court's retention of jurisdiction to adjudicate a statute of
18 limitations issue); *Schneider v. TRW, Inc.*, 938 F.2d 986, 993 (9th Cir. 1991); *United Mine*
19 *Workers v. Gibbs*, 383 U.S. 715 (1966); *Bryant v. Adventist Health Sys./W.*, 289 F.3d 1162, 1169
20 (9th Cir. 2002) (holding once the federal claim on which jurisdiction exists has been proven to be
21 unfounded at summary judgment, this allows courts to avoid determining issues of state law).
22 The Court is unpersuaded that the instant matter is so "unusual" as to justify retaining the state
23 law claims. *Carnegie-Mellon*, 484 U.S. at 350 n.7; *see also Bryant*, 289 F.3d at 1169 (district
24 court did not abuse discretion in dismissing state law claims after granting summary judgment on
25 the federal claims, where plaintiffs asserted claims for violations of the Emergency Medical
26 Treatment and Active Labor Act, a similar state law, and negligence); *Padron v. Lara*, No. 1:16-
27 cv-00549-SAB, 2018 WL 2213462, at *16–17 (E.D. Cal. May 11, 2018) (declining to exercise
28 supplemental jurisdiction over state claims at summary judgment stage); *Gini v. Las Vegas Metro.*

*Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (affirming dismissal of state claims where case was not "in any way unusual"). Thus, the Court concludes that declining to exercise supplemental jurisdiction over the remaining state claims is supported by the interests of economy, convenience, fairness, and comity. (*See* ECF No. 120 at 14); *Gini*, 40 F.3d at 1046; *Bryant*, 289 F.3d at 1169; *Padron*, 2018 WL 2213462, at *16–17. Therefore, Plaintiff and Cuppy's objections are overruled.

Plaintiff additionally contends the magistrate judge erred in concluding that the declaration of Plaintiff's proffered "expert," Mr. Daly, did not constitute an admissible expert opinion (ECF No. 120 at 13 n.10). (ECF No. 124 at 6.) Plaintiff argues Mr. Daly's declaration should have been considered because, even though he lost his medical license, Mr. Daly's knowledge and education was still relevant to the analysis. (*Id.*) The Court disagrees. Mr. Daly's medical license was revoked in 2006, several years before the events relevant to this matter occurred. (*See* ECF No. 87-4 at 2–4 (objecting to Daly as medical expert and his declaration as lacking foundation and relevance)); *see also Alcala v. Martel*, No. 2:09-cv-03407-KJM-JFM, 2013 WL 655161, at *7 (E.D. Cal. Feb. 21, 2013), *report and recommendation adopted*, No. 2:09-cv-03407-KJM-JFM, 2013 WL 1325052 (E.D. Cal. Mar. 30, 2013) (judicially noticing Mr. Daly was not a medical doctor because his license was revoked on February 24, 2006). Further, the cases cited by Plaintiff are distinguishable and therefore his reliance on them is misplaced.[1] Regardless, the Court notes that even if Mr. Daly was accorded the weight of an expert and his declaration was considered for purposes of the parties' cross-motions for summary judgment, at most it merely establishes a difference in medical opinion which is insufficient to establish a deliberate indifference claim and therefore defeat summary judgment. *See Sanchez v.*

---

[1] In *Hasan v. Johnson*, No. 1:08-cv-00381-MJS, 2013 WL 6047985, at *2 (E.D. Cal. Nov. 14, 2013), the court expressly declined to rule on Mr. Daly's competence to testify as an expert. In *Abreu v. Cate*, No. 2:10-cv-01621-JAM-CKD, 2013 WL 3331100, at *8 (E.D. Cal. Jul. 1, 2013), Mr. Daly's declaration was considered by the court as "essentially undisputed" where the defendants did not object to the declaration or challenge Mr. Daly's qualifications. Finally, in *Watson v. Torruella*, No. CIV S-06-01475-LKK-EFB-P, 2009 WL 3246805 (E.D. Cal. Oct. 7, 2009), Mr. Daly's declaration was appropriately considered because Mr. Daly was still licensed to practice medicine at the relevant times.

*Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (mere difference in judgment between medical professionals regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim). Accordingly, Plaintiff's objections with respect to Mr. Daly's declaration are overruled.

Plaintiff's remaining objections dispute the correctness of the medical opinions of Defendants' expert witnesses. (*See* ECF No. 124 at 1–5, 7–10.) These arguments are unavailing, as Plaintiff again fails to establish anything more than a difference in medical opinion. *Sanchez*, 891 F.2d at 242. Therefore, Plaintiff's remaining objections are overruled.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed July 14, 2020 (ECF No. 120), are adopted in full;

2. Plaintiff's Motion for Summary Judgment (ECF No. 83) is DENIED;

3. Defendant Cuppy's Motion for Summary Judgment (ECF No. 94) is GRANTED as to Plaintiff's deliberate indifference claim;

4. Defendants Heatley, Pace, Williams, and Wong's Motion for Summary Judgment (ECF No. 95) is GRANTED as to Plaintiff's deliberate indifference claims;

5. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and these claims are dismissed without prejudice; and

6. The Clerk of the Court is directed to enter Judgment for Defendants and close this case.

IT IS SO ORDERED.

DATED: December 14, 2020

Troy L. Nunley
United States District Judge