UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GLENN JONES, SR., | No. 2:15-cv-00734-TLN-AC |
| Plaintiff, | |
| v. | **ORDER** |
| SAM WONG, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Arthur Glenn Jones, Sr.'s ("Plaintiff") Motion for Reconsideration of the Court's December 15, 2020 Order (ECF No. 127), which granted summary judgment and dismissed this action.[1] (ECF No. 129.) For the reasons set forth below, Plaintiff's Motion is DENIED.

///
///
///
///
///

---

[1] Plaintiff's Motion is titled "Plaintiff's Reconsideration Motion Into Summary Judgment Without Prejudice to Dismiss Federal Civil Claims and Declaration in Opposition and Legitimate Rubric Rules with Due Suitable Merits of Plaintiff's Solicit Rights," which the Court construes as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a state prisoner proceeding *pro se*, initiated this civil rights action seeking relief pursuant to 28 U.S.C. § 1983 on April 2, 2015.  (ECF No. 1.)  The parties filed cross-motions for summary judgment.  (ECF Nos. 83, 94, 95.)  On July 14, 2020, the magistrate judge issued Findings and Recommendations to deny Plaintiff's Motion for Summary Judgment, and grant Defendants' motions with respect to the federal claims, declining to exercise supplemental jurisdiction over Plaintiff's state law claims.  (ECF No. 120.)  On December 15, 2020, the Court adopted the Findings and Recommendations in full and dismissed the action.  (ECF No. 127.)  Judgment was entered the same day.  (ECF No. 128.)  On January 8, 2021, Plaintiff filed the instant Motion for Reconsideration.[2]  (ECF No. 129.)  On February 1, 2021, Defendants filed an Opposition.  (ECF No. 130.)

## II.   STANDARD OF LAW

The Court may grant reconsideration under either Federal Rule of Civil Procedure ("Rule") 59(e) or 60(b).  *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995).  A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of judgment.  Fed. R. Civ. P. 59(e).  Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within 28 days of entry of judgment.  *Rishor v. Ferguson*, 822 F.3d 482, 489–90 (9th Cir. 2016); *see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).  Otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order.  *Id.*  Here, Plaintiff's motion was filed within twenty-eight days of entry of Judgment and is therefore construed as a motion to alter or amend the judgment under Rule 59(e).  (*See* ECF Nos. 128, 129.)

Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the district court enjoys considerable discretion in granting or denying the motion.  *Allstate Ins. Co. v. Herron (Allstate Ins. Co.)*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*,

---

[2]   Since Plaintiff is a prisoner proceeding *pro se*, his filing date was determined pursuant to the prison mailbox rule.  *See Houston v. Lack*, 487 U.S. 266, 274, 276 (1988) (a court document is deemed filed as of the date the prisoner delivers it to prison officials to be mailed to the court).

197 F.3d 1253, 1255 n.1 (9th Cir. 1999)).  Nevertheless, a motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law."  *McDowell*, 197 F.3d at 1255 (emphasis in original).  Indeed, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  *Id.* at 1255 n.1.  Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co. (Marlyn)*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original) (internal quotations omitted).

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law."  *Allstate Ins. Co.*, 634 F.3d at 1111.

Additionally, where the motion for reconsideration pertains to an order granting or denying a prior motion, Local Rule 230(j) requires the moving party to "[identify] what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [explain] why the facts or circumstances were not shown at the time of the prior motion."  E.D. Cal. L.R. 230(j)(3)–(4).

**III.   ANALYSIS**

Plaintiff fails to advance any argument that establishes he is entitled to relief under Rule 59(e).  Plaintiff's arguments do not constitute "newly discovered or previously unavailable evidence" or "an intervening change in controlling law."  *Allstate Ins. Co.*, 634 F.3d at 1111; E.D. Cal. L.R. 230(j)(3)–(4).  Rather, the Motion for Reconsideration simply repeats arguments made in the briefing on the Motion for Summary Judgment and in Plaintiff's Objections to the magistrate judge's Findings and Recommendations.  (*Compare* ECF Nos. 98–99, 124 *with* ECF No. 129); *see also Marlyn*, 571 F.3d at 880.  As such, Plaintiff fails to satisfy the requirements of

///

the Local Rules or demonstrate that the "extraordinary remedy" he seeks is warranted here. *Allstate Ins. Co.*, 634 F.3d at 1111; E.D. Cal. L.R. 230(j)(3)–(4).

### IV.   CONCLUSION

For the reasons discussed herein, Plaintiff's Motion for Reconsideration is DENIED. (ECF No. 129.)

IT IS SO ORDERED.

DATED: February 10, 2021

Troy L. Nunley
United States District Judge